UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.S.G.L., by and through her parents GREGORIO GUZMAN REYES and MARICRUZ LOPEZ SANTOS, and individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. C22-1554RSM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

## I.   INTRODUCTION

This matter comes before the Court on Defendant United States of America's Motion to Dismiss under Rule 12(b)(6). Dkt. #8. Plaintiffs M.S.G.L., Gregorio Guzman Reyes, and Maricruz Lopez Santos oppose. Dkt. #9. No party has requested oral argument. For the reasons stated below, the Court GRANTS the Motion with leave to amend.

## II.   BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts stated in the Complaint, Dkt. #1, as true.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 1

This action is brought under the Federal Tort Claims Act. Plaintiffs Gregorio Guzman Reyes and Maricruz Lopez Santos are the parents of minor M.S.G.L., born on December 7, 2016, at Sea Mar Community Health Center, a federally funded facility.

M.S.G.L. suffered permanent injury as a result of a difficult birth, allegedly caused by negligence, a violation of the required standard of care, and a lack of informed consent. The Complaint states all of this in a passive way; medical care providers are not named. Further details are lacking.

As a result of the above, M.S.G.L. and the parents have suffered various injuries described in a general and conclusory way.

### III.   DISCUSSION

**A. Legal Standard under Rule 12(b)(6)**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 2

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Analysis**

Defendant USA argues:

> Plaintiffs' complaint should be dismissed because it alleges legal conclusions rather than facts and does not provide fair notice to the United States of the grounds on which their claims rest. Plaintiffs' complaint alleges both a medical negligence claim and an informed consent claim. Dkt. 3, Compl. at ¶ 5. However, Plaintiffs have failed to allege factual content showing the basis for either claim.

Dkt. #8 at 2.  The Court agrees.  The Complaint includes only a formulaic recitation of the elements of its causes of action.  Plaintiffs have failed to include basic factual information about their negligence claim, including the specific care they claim fell below the standard of care and the identity of the providers whose care allegedly fell below the standard of care.  The complaint fails to allege any facts showing the basis for an informed consent claim.  Procedurally speaking, Plaintiffs cannot include the missing facts in responsive briefing.  These claims are properly dismissed under the *Twombly/Iqbal* standard above.

The Court finds that the above deficiencies with the Complaint can possibly be cured by amendment.  The Court urges Plaintiffs to review the missing facts highlighted by Defendants to attempt to include such facts in the amended complaint.

### IV.  CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion to Dismiss under Rule 12(b)(6), Dkt. #8, is

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 3

1  GRANTED.  Plaintiff's claims are DISMISSED with leave to amend.  Plaintiffs shall have thirty (30) days to file an amended complaint.  If Plaintiffs fail to do so, this case will be closed.

DATED this 8th day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND - 4