UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| M.S.G.L., by and through her parents GREGORIO GUZMAN REYES and MARICRUZ LOPEZ SANTOS, and individually,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:22-cv-01554-RSM<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant United States of America's Motion for Judgment on the Pleadings. Dkt. #14. Plaintiffs M.S.G.L., Gregorio Guzman Reyes, and Maricruz Lopez Santos oppose. Dkt. #16. No party has requested oral argument. For the reasons stated below, the Court GRANTS the Motion with leave to amend.

## II.  BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint, Dkt. #12, and are considered true for the purposes of ruling on this Motion.

This action is brought under the Federal Tort Claims Act. Plaintiffs Gregorio Guzman Reyes and Maricruz Lopez Santos are the parents of minor M.S.G.L., born on December 7, 2016, at Sea Mar Community Health Center, a federally funded facility.

M.S.G.L. suffered permanent injury as a result of a difficult birth, allegedly caused by negligence, a violation of the required standard of care, and a lack of informed consent. Maricruz Lopez Santos was admitted for induction of labor at 39 weeks because of her type 2 diabetes as recommended by a maternal fetal medicine specialist.

Ms. Lopez Santos was given Pitocin to induce her labor. Dr. Rasha A. Allam attempted three vacuum extractions. Following the failed vacuum extractions, a cesarian section was attempted. Dr. Allam's assistant tried to push the baby's head upwards through the vagina, and an additional vacuum attempt failed to deliver the head. Manual flexion movement combined with upward traction delivered the baby's head followed by her body. The baby suffered Caput Succedaneum, caput, scalp laceration, and bruising. Further details are lacking.

As a result of the above, M.S.G.L. and the parents have suffered various injuries described in a general and conclusory way.

In response to the instant Motion, Plaintiffs submitted two declarations with additional facts. (Dkts. #16-1 and #16-2).

On Reply, the United States of America moves for the extrinsic evidence relied upon by Plaintiffs and included in the Declaration of Maricruz Lopez Santos to be stricken under Rule 12(f) and Local Civil Rule 7(g).

### III.   DISCUSSION

**A. Legal Standards**

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of

the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." FED. R. CIV. P. 12(c). A suit may be dismissed under Rule 12(c) only when the "running of the statute of limitations is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (internal quotations omitted). The same legal standard governing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), governs motions made under Rule 12(c). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged

pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Analysis

#### a. Motion to Strike

Defendant argues:

> The extrinsic evidence submitted in Lopez Santos' declaration and relied upon in Plaintiff's response was neither submitted nor relied upon in the amended complaint. In fact, the injury discussed in both the response and declaration, a "brain injury," does not appear in the amended complaint. In fact, Plaintiffs allege no facts occurring after December 2016 birth, whereas the new materials seem to relate exclusively to events occurring several years later.

Dkt. #17 at 2. The Court agrees. The Amended Complaint fails to allege any facts showing the basis for how or when the brain injury was discovered, or that it could not have been discovered through reasonable diligence prior to April 2021. Procedurally speaking, Plaintiffs cannot include the missing facts in responsive briefing. Plaintiffs' Declaration at Dkt. #16-2 is properly stricken.

#### b. Motion to Dismiss

Defendant argues that it is entitled to judgment on the pleadings because Plaintiffs have not alleged facts showing that their administrative claims related to M.S.G.L.'s birth over six years ago are timely. Plaintiffs allege in their Response Declaration that they did not discover that MSGL had a brain injury until April 2021. Dkt. #16 at 2.

The Court finds that the Amended Complaint does not allege sufficient facts relating to a brain injury, including when or how it was discovered, nor does it allege facts demonstrating that the injuries could not have been discovered within two years of MSGL's birth. There simply is no basis in the pleading for this case to survive dismissal based on the agreed statute of limitations.

However, the Court finds that the above deficiencies with the Amended Complaint can possibly be cured and will give Plaintiffs a final opportunity to amend.

### IV.    CONCLUSION

Having reviewed the relevant pleading and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Judgment on the Pleadings, Dkt. #14, is GRANTED.  Plaintiffs' claims are DISMISSED with leave to amend.  Plaintiffs shall have thirty (30) days to file an amended complaint.  If Plaintiffs fail to do so, this case will be closed.

DATED this 29th day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS - 5